**Keren GEFEN, a minor, by her parents and natural guardians Sharon GEFEN and Ehud Gefen**

v.

**The UPJOHN COMPANY.**

**Civ. A. No. 95–98.**

United States District Court, E.D. Pennsylvania.

Aug. 2, 1995.

472

Barry L. Gross, Michael J. Stief, III, Stief, Waite, Gross, Sagoskin & Gilman, Newton, PA, for plaintiffs.

Kerry A. Kearney, Michael T. Scott, Barbara R. Binis, Reed Smith Shaw & McClay, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff has moved this Court to remand this action to the Court of Common Pleas of Philadelphia County, Pennsylvania on the ground that the parties are not diverse. 28 U.S.C. § 1447(c) directs a district court to remand an action to state court if it appears that subject matter jurisdiction is lacking. A district court may remand an action on jurisdictional grounds any time before final judgment. Courts construe the removal statute strictly, and any doubts are resolved in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

Plaintiff is a minor who was allegedly blinded in one eye due to the negligence of Defendant in manufacturing a defective product. Plaintiff was born and lives in Israel with her parents, and is a dual citizen of the United States and Israel. She claims her United States citizenship through her mother, who was born in the United States, in New York, and who maintains her United States citizenship to this day.

This Court originally considered Plaintiff's motion in a Memorandum and Order dated May 2, 1995. Plaintiff declared herself a resident and domiciliary of Israel, but "deemed" herself a citizen of Pennsylvania in order to gain access to Pennsylvania's courts. Defendant, whose principal place of business is in Michigan and state of incorporation is Delaware, argued that diversity jurisdiction

existed under 28 U.S.C. § 1332(a)(1), which grants this Court subject matter jurisdiction over citizens of different states. This Court was unable to determine whether diversity jurisdiction truly existed from the record then before us, so we ordered the parties to submit further evidence in order to resolve this issue.

After further discovery, it became clear that Plaintiff was not domiciled in Pennsylvania and therefore was not a citizen of that state for diversity purposes. In fact, Plaintiff visited Pennsylvania just once, during a trip that lasted a few hours. Sharon Gefen Dep. pp. 28, 29. Plaintiff has lived in Israel for her entire life and only visits the United States on annual family trips, each lasting about three weeks. *Id.* at 24. Due to these minimal contacts with the United States, Defendant has developed a new legal argument devised to defeat Plaintiff's Motion to Remand.

■ Defendant now relies on 28 U.S.C. § 1332(a)(2) in its argument that this Court has subject matter jurisdiction over this action. 28 U.S.C. § 1332(a)(2) grants this Court subject matter jurisdiction in suits between citizens of a State and citizens of a foreign country. When an American citizen who is also a citizen of a foreign country sues in federal court, his American citizenship usually governs for diversity purposes. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989); *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 507 (2d Cir.1991); *Liakakos v. CIGNA Corp.,* 704 F.Supp. 583, 585 (E.D.Pa.1988). Therefore, an American with a dual citizenship is not considered a citizen of a foreign state under 28 U.S.C. § 1332(a)(2). *Newman–Green, Inc.,* 490 U.S. at 829, 109 S.Ct. at 2221; *Action S.A.,* 951 F.2d at 507. Defendant, however, cites dicta in *Sadat v. Mertes,* 615 F.2d 1176 (7th Cir. 1980), to support an exception to this rule.

The *Sadat* court, in an attempt to determine whether an American citizen domiciled in Egypt should be considered an alien under 28 U.S.C. § 1332(a)(2), discussed the theory of dominant nationality as an exception to the rule that United States citizenship governs.

Dominant nationality in another country is found when a person:

> (c) is a national of the respondent state and of another state, provided (i) his dominant nationality, by reason of residence or other association subject to his control (or control of a member of his family whose nationality determines his nationality) is that of the other state *and* (ii) he (or such member of his family) has manifested an intention to be a national of the other state and has taken all reasonably practical steps to avoid or terminate his status as a national of the respondent state.

*Sadat,* 615 F.2d at 1187 (quoting Restatement (Second) of the Foreign Relations Law of the United States § 171(c) (1965)) (emphasis added). In that situation, the person's lack of association with the United States and desire to relinquish her United States citizenship warrants the use of her foreign citizenship for diversity purposes. *Id.*

■ Defendant relies solely on this doctrine in its argument that this court has subject matter jurisdiction over this claim. Plaintiff's dominant nationality is Israel, Defendant argues, which forces this Court to consider Plaintiff an Israeli citizen under 28 U.S.C. § 1332(a)(2). Therefore, it would follow that the parties are diverse and that this Court has subject matter jurisdiction over this claim.

Defendant's argument fails, however, for two reasons. First, although the *Sadat* court discussed the dominant nationality theory it never concluded that it should prevail. Rather, the court "[a]ssum[ed] *arguendo* that a dual national whose dominant nationality is that of foreign country should be regarded as a 'citizen or subject of a foreign state' within the meaning of 28 U.S.C. § 1332(a)(2)." *Sadat,* 615 F.2d at 1187. The dominant nationality theory is not binding law in this circuit. This Court has been unable to find any ruling in the Third Circuit that has adopted this theory.

Second, even if we were to adopt the dominant nationality theory, which is not at all certain, Defendant failed to offer any evidence to substantiate the second requisite. Plaintiff has not "taken all reasonably practical steps to avoid or terminate [her] status

as a national of the respondent state." *Id.* (quoting Restatement (Second) of the Foreign Relations Law of the United States § 171(c)). In fact, Plaintiff and her family have taken affirmative steps to remain American citizens.

Plaintiff's mother waited three years after moving to Israel to obtain Israeli citizenship, instead of doing so immediately, because the three year wait allowed her to retain her American citizenship. Sharon Gefen Dep. p. 8. When Plaintiff was born, her mother filled out an application for and received a Department of State Report of Birth Abroad of a Citizen of the United States and a United States Passport for her. *Id.* at 12. Since then, Plaintiff and her mother have continued to comply with all requirements necessary to maintain their American citizenship, including payment of income taxes to the United States. These facts clearly show that Plaintiff has not "taken all reasonably practical steps to avoid or terminate her status as" an American citizen. *Sadat,* 615 F.2d at 1187 (quoting Restatement (Second) of the Foreign Relations Law of the United States § 171(c)).

Defendant's sole argument on this point is that Plaintiff *will* take affirmative steps to relinquish her American citizenship. These assertions stem from comments made by Plaintiff's mother concerning Plaintiff's intent to remain in Israel to study, to enter the army and to work in Israel for her father. However, Plaintiff, who is seventeen years old, might decide tomorrow to live the rest of her life in the United States. A parent's wishes for a teenage child's future are not always met. Plaintiff's intent to establish domicile nine years from now, which would be her last chance to move to the United States for two years before her twenty-eighth birthday,[1] cannot be predicted with certainty.

Accordingly, Defendant's argument fails, and Plaintiff's American citizenship controls for the purposes of 28 U.S.C. § 1332(a)(2). This court lacks subject matter jurisdiction because the parties are not diverse. Therefore, Plaintiff's Motion to Remand is granted.

An appropriate order follows.

### ORDER

AND NOW, this 2nd day of August, 1995, upon consideration of Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County and responses thereto, the Motion is hereby GRANTED.

---

1. Plaintiff must live within the United States for two years between her fourteenth and twenty-eighth birthday to retain her American citizenship. *See* Section 301(b) of the Immigration and Nationality Act of 1972 (although this residency requirement was repealed in 1978, it was effective as of October 10, 1978, after Plaintiff's birth).